865 F.2d 258
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Joseph GIGGER, aka Joseph Johnson, Plaintiff-Appellant,
v.
M. WOLFE, Detective; W. Goudy, Detective; Barbara
Sizemore, R.N.; Martha Woloshyn, Defendants-Appellees,
Hugh Barnes, PH.D., Administrator for Bureau of Personal
Health Services; Jack Owens, Sheriff of Shelby
County, Defendants.
 No. 88-5367.
 United States Court of Appeals, Sixth Circuit.
 Dec. 14, 1988.
 
 Before KEITH, KENNEDY and MILBURN, Circuit Judges.
 
 ORDER
 
 1
 This pro se Tennessee plaintiff appeals the district court's judgment dismissing his civil rights claims filed under 42 U.S.C. Sec. 1983. The claims were dismissed on the merits as to two defendants whose motion for summary judgment was granted by the district court; remaining claims were dismissed without prejudice. The appeal has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and briefs, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Joseph Gigger, while a prisoner at the Shelby County Jail in Memphis, Tennessee, filed a complaint against jail guards and county health officials. Gigger alleged that defendants wrongfully denied him his constitutionally protected rights by administering a tuberculin skin test in violation of his religion, and by forcing him, through intimidation and harassment, to consent to the testing. Gigger sought compensatory damages and release from medical isolation.
 
 
 3
 Defendant jail officials served Gigger with requests for discovery which Gigger failed to answer to their satisfaction. Defendants' motion to compel discovery was granted.
 
 
 4
 Defendant health officials filed a motion for summary judgment and asserted that the tuberculin testing was administered with Gigger's consent. Upon review of the motion and Gigger's response, summary judgment was granted in favor of the health officials.
 
 
 5
 Meanwhile, because Gigger did not fully comply with the discovery order, defendant jail guards filed a motion to dismiss pursuant to Fed.R.Civ.P. 37. Although Gigger responded to the motion to dismiss, the magistrate determined the response was incoherent and recommended that the case be dismissed without prejudice. Upon review in light of Gigger's objections, the district court adopted the magistrate's recommendation and dismissed the case in its entirety without prejudice.
 
 
 6
 In a motion filed pursuant to Fed.R.Civ.P. 59(e), defendant health officials asked that the order of dismissal without prejudice be amended to reflect the entry of summary judgment dismissing claims against them with prejudice. This motion was granted and the amended judgment was entered. Gigger now appeals the entry of the amended judgment.
 
 
 7
 Upon review, we conclude that summary judgment for defendants Sizemore and Woloshyn was proper. Gigger presented no triable issue of fact, and the health officials were entitled to judgment as a matter of law. See Celotex Corp. v. Catrett, 477 U.S. 317 (1986); Shavrnoch v. Clark Oil & Refining Corp., 726 F.2d 291 (6th Cir.1984).
 
 
 8
 Additionally, the district court did not abuse its discretion by dismissing the case against defendants Goudy and Wolfe without prejudice for failure to comply with an order to compel discovery. See Fed.R.Civ.P. 37(b)(2)(C).
 
 
 9
 Accordingly, the district court's amended judgment is hereby affirmed. Rule 9(b)(5), Rules of the Sixth Circuit.